Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

GOVERNMENT OF GUAM, )
)
Plaintiff, )
) CASE NO. CV0454-12
)
v. )
)
HELENE TORRES and EVELYN )
O'KEEFE, in their capacities as CO- ) **DECISION AND ORDER**
ADMINISTRATRIXES OF THE ) **Re: Motion to Dismiss**
ESTATE OF JOSE MARTINEZ )
TORRES, and THE ESTATE OF JOSE )
MARTINEZ TORRES, )
)
Defendants. )
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 6, 2012 on Defendants' Motion to Dismiss. Assistant Attorney General William C. Bischoff represented the Plaintiff, Government of Guam (hereinafter, "Government"). Defendant Helene Torres was represented by Attorney F. Randall Cunliffe. Defendant Evelyn O'Keefe and the Estate of Jose Martinez Torres (hereinafter, "Estate") were represented by Attorney Joseph Razzano. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Government filed its complaint on April 11, 2012 for two causes of action: one in which it seeks to quiet title to two parcels of land in Dededo and another seeking

a declaratory judgment that actions taken by the Government and conveyances of the parcels are *ultra vires*. Defendants O'Keefe and Estate filed their answer on May 2, 2012. On June 21, 2012, Defendant Torres file her motion to dismiss pursuant to Rules 19 and 12(b)(7) of the Guam Rules of Civil Procedure for failure to join certain parties. Defendants O'Keefe and Estate joined in the motion on July 17, 2012. Based on the applicable law and circumstances of this case, this Court finds that denial of Defendant's motion is appropriate.

## DISCUSSION

Plaintiff seeks to quiet title to Lots 5001 and 5002 in Dededo, Guam. The Government alleges that the lots were transferred from the United States Department of Interior to the Government of Guam in 1950, the transaction recorded with the Department of Land Management as Instrument No. 25219. According to the Government, the lots were transferred to the Chamorro Land Trust Commission in 1994, recorded as Instrument No. 517404.

The lots were subsequently transferred to the Guam Ancestral Lands Commission in 2002 and recorded under Instrument No. 666056. The Government alleges that this transfer was done knowing that the lots were not "Ancestral Lands" as defined in 21 G.C.A. § 80101[1] and was done in order to benefit an estate. In 2004, the Lots were transferred to the Estate of Jose Torres. It is the Government's contention that the transfer of the Lots to the Guam Ancestral Lands Commission and the subsequent transfer to the Estate were done *ultra vires* and that title should be quieted in favor of the Government.

Defendant Helene Torres filed for dismissal pursuant to Rule 19 and Rule 12(b)(7) of the Guam Rules of Civil Procedure; a motion in which Defendants O'Keefe and Estate join. Defendants contend that because Government is seeking

---

[1] The section defines "Ancestral Lands" as those lands owned privately by residents of Guam on or after January 1, 1930.

to declare actions taken by then-Governor of Guam Carl Guiterrez and those of the Ancestral Lands Commission void, then the Commission and the Office of the Governor of Guam are necessary parties to the litigation. It is Defendants' collective position that because the Commission and the Office of the Governor are not defendants in the action, the Court cannot properly litigate the matter.

An absentee is needed for just adjudication when one of the following three circumstances exists: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the persons absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Benavente v. Taitano, 2006 Guam 15 ¶ 58 (quoting Guam R. Civ. P. 19(a)).

## A. Analysis of Rule 19(a)(1).

Under the express terms of the 19(a)(1), the focus is on the relief between the parties to the present action, and not on the possibility of further litigation between a party and the absentee. Id. ¶ 59 (quoting Morgan Guar. Trust Co. v. Martin, 466 F.2d 593, 598 (7th Cir.1972)). In the present case, if Plaintiff Government should prevail on the merits, Defendants would be obligated to relinquish their claim to the lots. On the other hand, if Defendants should prevail, Plaintiff's claim to the lots would fail and Defendants retain title and possession. Therefore, complete relief can be accorded to those already parties.

## B. Analysis of Rule 19(a)(2)(i).

Under 19(a)(2)(i), the Court must first consider what the absentee's interests are, if any. Then, the Court must consider "as a practical matter, will a judgment impair or impede the absentee's ability to protect that interest." Benavente ¶ 62. It is Defendants' position that the Ancestral Lands Commission and the Office of the

Governor of Guam need be joined in the action to afford complete relief under Rule 19.

It appears the Commission could have an interest in the lots, however remote, as it is the entity that conveyed the land to Defendants and could possibly be the party with title after litigation. This does not end the inquiry, however. Government argues that the Ancestral Lands Commission lacks the statutory authority to sue or be sued in its own name. An examination of Chapter 80 of Title 21 of the Guam Code Annotated, the Commission's enabling statute, shows an absence of such authority and waiver of immunity.

It is then left to the Attorney General to bring forth and defend claims on the Commission's behalf. "The Attorney General is the public prosecutor and, by himself, a deputy or assistant, shall conduct on behalf of the government of Guam all civil actions in which the government is an interested party." 5 G.C.A. § 30109(c). The Attorney General also has the duty to "[b]e diligent in protecting the rights and properties of the government of Guam." 5 G.C.A. § 30109(f).

Thus, the Commission's interests are adequately represented by the Attorney General acting on behalf of the Government of Guam. A judgment would not impair or impede the Commission's ability to protect that interest. A similar analysis is to be made regarding the Office of the Governor of Guam. It is the view of this Court that any interest the Office of the Governor of Guam may have is adequately represented by the Attorney General.

## C. Rule 19(a)(2)(ii) Analysis.

Under Rule 19(a)(2)(ii), the court must assess whether a disposition of the action without the absentees may leave "any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" of the absentee. Thus, the relevant inquiry under (a)(2)(ii) is whether joinder is necessary to avoid harm to any of the persons already parties. Benavente ¶ 74.

As discussed *supra*, this Court finds that the "absentees" in this case, the Office of the Governor and the Ancestral Lands Commission, have their interests represented by Plaintiff. Any future litigation on their part would be barred by the doctrines of claim and issue preclusion. Thus, the risk of "double, multiple or otherwise inconsistent obligations" is greatly reduced. There is nothing before this Court which would show that any other parties may have an interest in the proceedings. As such, it is the view of this Court that joinder is not necessary to avoid harm to any of the persons already parties.

## CONCLUSION

Neither the Ancestral Lands Commission, nor the Office of the Governor of Guam are necessary parties as contemplated in Rule 19(a). Full relief can be accorded among those already parties. Failure to join the Commission or the Office of the Governor would not impair their ability to protect their interests. The risk of double, multiple, or inconsistent obligations to those already parties is minimal. This Court therefore finds that dismissal for failure to join a party under Rule 19 is inappropriate under the facts and circumstances of this case. Defendant's motion to dismiss is hereby **DENIED**.

It is **SO ORDERED** this 19th day of December, 2012.

DEC 19 2012

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 1 9 2012

Esther L. G. Pinaula
Deputy Clerk, Superior Court of Guam

-5-